**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| STEVE & CARLA PROCK, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-484 (TJW) |
| | § | |
| WOODMONT SHERMAN GP, L.L.C., | § | |
| ET AL., | § | |
|     Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant City of Sherman's ("City") Motion to Transfer Venue (#19). The City requests that this case be transferred to the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. § 1404(a) .  After considering the filings of the parties and the applicable law, the Court GRANTS the City's motion for the reasons expressed below.

**I.      Factual Background**

Plaintiffs Steve and Carla Prock reside in Sherman, Texas.  They also own a piece of real property located in Sherman, Texas.  Defendants Woodmont Sherman GP, L.L.C. and Woodmont Sherman, L.P. (collectively, "Developers") have their principal place of business located in Fort Worth, Texas.

The Developers are constructing a retail shopping center to the north of the plaintiffs' real property.  As part of the construction project, the Developers requested, and the City approved, relocation of a street such that the street now abuts the plaintiffs' property.  The elevation of the street was also dropped and a retaining wall erected preventing access to the street from the plaintiffs' property.  The retaining wall also prevents runoff of surface water from draining in its natural direction from the plaintiffs' property.

The relocation of the street is also planned to intersect an existing road at the property line of the plaintiffs' real property.  The plaintiffs claim that this new intersection limits the plaintiffs' access to the existing road by blocking one access point and creating increased traffic congestion at the other access point.  The plaintiffs now asserts substantive due process claims under the 5th and 14th Amendments to the United States Constitution and 42 U.S.C. § 1983.  The plaintiffs also assert a claim for inverse condemnation, and state law claims of fraud, unjust enrichment, negligence, and gross negligence.

## II.    Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance

2

of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

     *A.    Convenience Factors*

### 1. The plaintiff's choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the plaintiffs reside in Sherman and one of the defendants is the City of Sherman. Sherman is approximately 180 miles from Marshall. The other defendants,

the Developers, are located in Fort Worth, Texas.  Fort Worth is approximately 180 miles from Marshall, and approximately 95 miles from Sherman.  The Developers will be slightly inconvenienced regardless of whether the case is transferred.  Accordingly, the convenience of the parties weighs slightly in favor of transfer.

The Court now considers the convenience of the witnesses.  Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer.  *Mohamed,* 90 F. Supp. 2d at 774.  Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  The moving party must "specifically identify key witnesses and outline the substance of their testimony."  *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the City anticipates that several key witnesses will be required to testify. *Defendant's Motion to Transfer Venue ("Defendant's Motion")* at 8-11.  Excluding party witnesses, the City has identified construction workers and surveyors located in the Sherman Division.  *Id*. at 10-11.  The distance between Sherman and Marshall is approximately 180 miles.  This distance is not substantial.  *Mohamed*, 90 F. Supp. 2d at 776 (stating that "[g]iven the advances in transportation and communication, the [150 mile] distance between Marshall and Dallas is negligible.")  This case is not analogous to *In re Volkswagen* where the non-party witnesses would have had to drive or fly a distance of approximately 400 miles to Marshall.  *In re Volkswagen*, 371 F.3d at 204.  In the Court's view, the convenience of the non-party witnesses weighs slightly in favor of transfer.

### 3. The place of the alleged wrong

The issues in this case revolve around real property located in Sherman, Texas.  This factor

weighs in favor of transfer.

### 4.  The cost of obtaining the attendance of witnesses and the availability of compulsory process

In its moving papers, the City contends that the cost of bringing witnesses to Sherman would be less expensive than bringing them to Marshall.  *Defendant's Motion* at 11-12.  The plaintiffs do not dispute the City's contention.  Therefore, the cost of obtaining the attendance of witnesses weighs in favor of transfer.

### 5. The accessibility and location of sources of proof

The Court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.  The City contends that most of the documentary evidence is located in Sherman.  *Defendant's Motion* at 6-7.  However, any documents or evidence can be easily transported to Marshall.  In the Court's view, this factor is neutral as to transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  Because it is early in the litigation, the plaintiffs would not be prejudiced by a transfer.  *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002).  Therefore, this factor is neutral.  *Id.*

B.     *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

Neither party is aware of any administrative difficulties flowing from the Sherman Division and not the Marshall Division.  Therefore, this factor is neutral as to transfer.

### 2.  The local interest in adjudicating local disputes

The property and the construction at issue are located in Sherman.  Therefore, this factor weighs in favor of transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

The City contends that the citizens of the Sherman Division have a more substantial interest in this case because it involves property rights located in Sherman.  *Defendant's Motion* at 14.  The plaintiffs, on the other hand, argue that there is a strong potential for unfairness and prejudice among potential jurors in the Sherman Division because the citizens of Sherman patronize marketplaces developed by Woodmont.  *Plaintiffs' Reponse* at 9.  Notwithstanding the plaintiffs' arguments, the Court agrees with the City, and finds that this factor weighs in favor of transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The plaintiffs assert claims based on federal law and Texas state law.  Consequently, the Court finds that this factor is inapplicable in this transfer analysis.

## III.     Conclusion

Upon application of the section 1404(a) factors to this case, the Court has exercised its discretion and has concluded that transfer to the Sherman Division of the Eastern District of Texas is warranted.  Accordingly, the Court GRANTS the City's Motion to Transfer Venue.  This case is hereby transferred to the Sherman Division, Eastern District of Texas.

SIGNED this  9th  day of April, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE